UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL TRACEY, On Behalf of Himself, and All Others Similarly Situated,<br><br>                                                    Plaintiff,<br><br>-against-<br><br>TEP EVENTS INTERNATIONAL, INC. and DUUZRA,<br><br>                                                    Defendant(s). | Index No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Michael Tracey ("Plaintiff"), on behalf of himself and all others similarly situated, by his undersigned counsel, alleges against Defendants TEP Events International, Inc. and Duuzra (collectively "Defendants"), the following upon personal knowledge as to his own acts, and upon information and belief, based on the investigation conducted by his counsel, as to all other allegations:

**SUMMARY OF THE ACTION**

1. Defendants failed to pay Plaintiff and the Class overtime as required by the Fair Labor Standards Act, as amended 29 U.S.C. §§ 201 *et seq.* ("FLSA") and New York Labor Law and a result, Plaintiff and the Class are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and statutory penalties, and (3) attorneys' fees and costs.

2. Defendants failed to timely pay Plaintiff and the Class in full for all hours worked at an employee's agreed-upon rate of pay.

3. Defendants agreed to pay Mr. Tracey $250 a month to induce him to purchase an SUV that could be used for work, but have failed to make those payments since April 2015.

## PARTIES

4. Plaintiff, Michael Tracey, is an adult individual and a resident of Rockland County, New York.

5. TEP Events International, Inc. ("TEP") is a Delaware Corporation with offices in New York, NY. TEP provides interactive event technology solutions at corporate events, meetings, seminars, and training sessions, constituting an "enterprise engaged in commerce" pursuant to the FLSA.

6. Duuzra is a foreign Corporation with offices in New York, NY. Duuzra provides cloud-based content management systems for designing creating and updating interactive presentations, constituting an "enterprise engaged in commerce" pursuant to the FLSA.

7. The work performed by Plaintiff and the Class were directly essential to the business operated by Defendants.

8. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

9. Defendants knowingly and willfully failed to timely pay Plaintiff and the Class in full for all hours worked at an employee's agreed -upon rate of pay.

10. Plaintiff has fulfilled all conditions precedent to the instituting this action and/or such conditions have been waived.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1391.

12. This Court has jurisdiction over the subject matter of this action pursuant to the Class Action Fairness Act of 2005 and 28 U.S.C. § 1332(d)

13. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391, because, among other reasons, Defendants are located in the district.

## FACTUAL BACKGROUND

### A. Overview

14. Plaintiff is a resident and citizen of New York, residing at 525 Western Highway, Blauvelt, NY 10913.

15. Defendants are foreign business entities with offices on New York, NY. At all relevant times, Defendants had at least five (5) employees.

16. Plaintiff alleges that Defendants failed to pay overtime and failed to provide proper wage statements.

### B. Failure to Pay Overtime and Timely Pay Wages

17. In March 2014, Mr. Tracey was hired by TEP.

18. While he was given the title Warehouse Manager, Mr. Tracey had no managerial duties.

19. In the warehouse, Fernando Dominguz directed Mr. Tracey, along with his co-workers Billy Hynes and Patrick Jangale.

20. Mr. Tracey directed no one.

21. During his employment and including traveling to events, Mr. Tracey routinely worked 60-70 hours a week.

22. Plaintiff was paid a fixed salary.

23. Plaintiff was not paid overtime for any hours worked past 40 in a work week.

24. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York state overtime rate (of time and one-half) to Plaintiff and other similar situated employees.

25. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other similar situated employees.

26. Plaintiffs has retained The Braunstein Law Firm, PLLC to represent him and other similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

27. Defendants knowingly and willfully failed to timely pay Plaintiff and the Class in full for all hours worked at the agreed-upon rate of pay.

**C.  The Company Is Breaching Its Contractual Obligation to Pay Mr. Tracey $250 a Month For His Vehicle**

28. During the course of his employment and to induce Mr. Tracey to purchase a vehicle that could be used for work, TEP agreed to pay Mr. Tracey $250 a month towards his SUV payments.

29. TEP made the required payments until March 2015.

30. However, beginning in April 2015, TEP stopped making these contractually required payments.

31. This contract was in writing, but Defendants did not provide Mr. Tracey with a copy.

32. The Company is breaching its contract with Mr. Tracey by failing to make the required monthly payments.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23, on behalf of a class defined as:

All current and former employees of Defendants.

34. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

35. The proposed class is numerous, consisting of a significant number of members.

36. All members of the proposed Class are fully ascertainable through records maintained by Defendants.

37. No violations alleged in this complaint are a result of any oral communications or individualized interaction of any kind between any class members and any Defendant.

38. Rather, all claims in this matter arise from the identical material omission of fact and common course of conduct alleged herein.

39. There are common questions of law and fact affecting the rights of the class, including, *inter alia*, the following:

    a. Whether the Defendants misclassified workers;

    b. Whether Defendants failed to timely pay employees their wages;

    c. Whether Defendants conduct constituted a violation of the Fair Labor Standards Act;

    d. Whether Defendants conduct constituted a violation of the New York Labor Law; and

   e. Whether each Defendants common course of conduct, as alleged herein, renders them liable to provide total or partial refunds under a theory of unjust enrichment or disgorgement;

40. Plaintiff is a member of the class he seeks to represent.

41. Plaintiff's employment claims are not only typical of all class members, they are identical.

42. All claims of Plaintiff and the class arise from the same material omission of fact and common course of conduct.

43. All claims of Plaintiff and the class are based on the exact same legal theories.

44. Plaintiff has no interest antagonistic to, or in conflict with, the Class.

45. Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent himself and the Class.

46. Defendants have acted and refused to act on grounds generally applicable to the Class, thereby making appropriate injunctive and declaratory relief for the Class as a whole.

47. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

48. A class action is the only practical, available method for the fair and efficient adjudication of the controversy since, inter alia, the damages suffered by each class member are small and, as such, individual actions are not economically feasible.

49. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION
**(Violation of the Fair Labor Standards Act, Individually and on behalf of the Class)**

50. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

51. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

52. And all relevant times Plaintiff was employed by Defendants within the meaning of the FLSA.

53. Upon information and belief, at all relevant times, Defendants had gross annual revenues in excess of $500,000.

54. Defendants violated the FLSA and damaged Plaintiff.

## SECOND CAUSE OF ACTION
**(Violation of the New York Labor Law, Individually and on behalf of the Class)**

55. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

56. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New Yorker Labor Law, §§ 2 and 651.

57. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 hours a work week.

58. Defendants knowingly and willfully operated their business with a policy of not providing the proper wage statement to Plaintiff and other similar situated employees, in violation of the New York labor law.

59. Defendants knowingly and willfully failed to timely pay Plaintiff and the Class in full for all hours worked at an employee's agreed -upon rate of pay.

60. Due to the Defendants New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid overtime, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys fees and costs and disbursements of this action pursuant to New York Labor Law §663(1).

61. Defendants violated the New York Labor Law and damaged Plaintiff.

### THIRD CAUSE OF ACTION
### (Breach of Contract, , Individually)

62. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

63. The parties agreed that if Mr. Tracey purchased a SUV and used it for work, Defendants would pay Mr. Tracey $250.00 a month for the length of the loan.

64. Plaintiff performed his obligations under the contract.

65. Defendant failed to perform its obligations under the contract.

66. Plaintiff has been injured and damaged by Defendants' conduct.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful under the FLSAA and the New York Labor Law;

B. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices policies and pattern set forth herein;

C. An award of unpaid overtime compensation due under the FLSA in the New York Labor Law;

D. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

E. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to New York Labor Law;

F. All available damages for Defendants failure to timely pay Plaintiff and the Class in full for all hours worked at an employee's agreed-upon rate of pay;

G. An award of statutory penalties, and pre-judgment and post-judgment interest;

H. An award of compensatory, statutory, punitive and all other damages available;

I. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and

J. For such other and further relief as this tribunal deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: May 1, 2017                                        **THE BRAUNSTEIN LAW FIRM, PLLC**

By:     /s/ *Michael L. Braunstein*
           Michael L. Braunstein
           3 Eberling Drive
           New City, New York 10956
           (845) 499-2198

9